# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEVIN JULMIST, as the assignee of certain of the claims of CLJ HEALTHCARE, LLC; and CLJ HEALTHCARE, LLC, as to certain non-assigned claims,<br><br>          Plaintiffs,<br><br>v.<br><br>OWNERS INSURANCE COMPANY,<br><br>          Defendant. | CIVIL ACTION<br><br>FILE NO.: _____ |

## NOTICE OF REMOVAL

COMES NOW Defendant Owners Insurance Company ("Owners Insurance") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Removal, Owners Insurance respectfully shows the Court as follows:

45329357 v1

## I. INTRODUCTION

Owners is an Ohio corporation which has been sued in Georgia state court by citizens of Georgia and Florida. It therefore is entitled to remove this case to federal court, given the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. PROCEDURAL HISTORY

1. Plaintiffs commenced this action on March 11, 2021 by filing the Complaint (the "Complaint") in the Superior Court of Gwinnett County, State of Georgia (Case No. 21-A-01797-9). See Exhibit "A", Complaint. Plaintiff Julmist claims to have a Consent Judgment against Plaintiff CLJ Healthcare, LLC in the amount of $60,000,000, which was purportedly entered in a lawsuit that he filed in the State Court of Cobb County in June 2014 (the "Underlying Lawsuit")[1]. Plaintiffs contend that Owners Insurance had a duty to defend and indemnify the Underlying Lawsuit and is liable under an insurance policy issued by Owners Insurance to CLJ Health Care. The insurance policy does not afford coverage for the underlying claims or judgment, however, and the Plaintiffs know this.

---

[1] Plaintiffs allege that Plaintiff Julmist is the Natural Father and Next Friend of BSJ and ZKJ, the minor children of Erica Beaubrun, and Plaintiff Julmist filed the underlying wrongful death lawsuit against Plaintiff CLJ. (*See* Complaint, ¶¶ 2, 9-10).

2

2. Owners Insurance was served on March 16, 2021, and is filing this notice within thirty (30) days from the date this action first became removable. See 28 U.S.C. § 1446(b) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322 (1999) (finding 30-day removal period runs from date of service of summons and complaint).

3. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of civil actions.

4. Written notice of the filing of this Notice of Removal has been served upon Plaintiffs, and a copy of this Notice of Removal, along with the Notice of Filing Notice of Removal, will be filed promptly with the Superior Court of Gwinnett County, Georgia.

5. True and correct copies of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446.

6. The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal district and division embracing the Superior Court of Gwinnett County, Georgia. See 28 U.S.C. §§ 90(c)(3) and 1441(a).

## III.   DIVERSITY JURISDICTION

7. This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1), which provides federal district courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

### A. *Citizenship of the Parties*

9. Plaintiff Julmist alleges that he is a citizen and resident of Dade County, Florida. (Complaint, ¶ 2; *see also* Complaint in Underlying Lawsuit, ¶ 1, alleging that "he is a citizen and resident of Dade County, Florida"). Accordingly, upon information and belief and based upon Plaintiff' allegations, Plaintiff Julmist is deemed to be a citizen of Florida.

10. Plaintiff CLJ Healthcare, LLC alleges that it is a Georgia limited liability corporation, and that its principal office was in Cobb County, Georgia. (Complaint, ¶ 1). Upon information and belief, its member Nedra Dodds is a

4

citizen of Georgia and CLJ is deemed to be a citizen of Georgia. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

11. Owners Insurance is organized under Ohio law with its principal place of business in Michigan. (*See* Complaint, ¶ 3). Thus, Owners Insurance is deemed to be a citizen of Ohio and Michigan. 28 U.S.C. § 1332(c)(1). Owners Insurance is not a citizen of Georgia.

12. Because Plaintiffs are citizens of Florida and Georgia, and Owners Insurance is a citizen of Ohio and Michigan, there is complete diversity of citizenship.

### B. Amount in Controversy

13. Diversity jurisdiction is also proper because the face of Plaintiff's Complaint demonstrates that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. For example, Plaintiffs claim that Owners Insurance breached its duty to indemnify CLJ for the alleged Consent Judgment, causing CLJ to sustain damage "in the amount of coverage available under the Policy." (Complaint, ¶ 31). No coverage is available under the Policy, but the Policy upon which Plaintiffs' claims are premised has policy limits of $2,000,000 ($4,000,000 aggregate). Further, Plaintiffs allege that the Consent Judgment is in the amount of $60,000,000 (Complaint, ¶ 24). Accordingly, it is apparent that the

amount in controversy exceeds $75,000.00, exclusive of interest and costs. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (removal is proper when "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement").

14. Accordingly, this case is properly removable, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

15. By filing this Notice of Removal, Owners Insurance does not waive any defense that may be available to Owners Insurance.

## IV.   CONCLUSION

WHEREFORE, Owners Insurance respectfully requests that this Court take jurisdiction and issue all necessary orders and process to remove this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.  Owners Insurance further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the state court be hereby stayed.

Respectfully submitted this 15th day of April, 2021.

/s/ Bret A. Beldt
Bret A. Beldt
Georgia Bar No. 940327
bbeldt@burr.com
**BURR & FORMAN LLP**
171 17th Street NW, Suite 1100
Atlanta, Georgia 30363
Telephone: 404-815-3000
Facsimile: 404-817-3244
*Attorneys for Defendant Owners Insurance Company*

OF COUNSEL:
Forrest S. Latta
Alabama Bar No. LATTF0526
forrest.latta@burr.com
**BURR & FORMAN LLP**
P.O. Box 2287
Mobile, Alabama 36652-2287
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
Motion for Admission *Pro Hac Vice* to be filed
*Attorneys for Defendant Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to the following addresses through first-class, United States mail, postage prepaid, on this the 15th day of April, 2021:

>Brent J. Savage, Esq.
>SAVAGE, TURNER, DURHAM, PINCKNEY & SAVAGE
>102 E. Liberty Street, 8th Floor
>Savannah, Georgia 31401
>
>Brent J. Savage, Esq.
>SAVAGE & TURNER, P.C.
>P.O. Box 10600
>Savannah, Georgia 31412

>/s/ Bret A. Beldt
>Bret A. Beldt
>Georgia Bar No. 940327
>bbeldt@burr.com
>*Attorney for Defendant Owners Insurance Company*

**Burr & Forman LLP**
171 17th Street NW, Suite 1100
Atlanta, Georgia 30363
Telephone: 404-815-3000
Facsimile: 404-817-3244

45329357 v1