# EXHIBIT A

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-01797-9**
**3/11/2021 7:09 PM**
TIANA P. GARNER

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KEVIN JUMLIST, as the assignee of
certain of the claims of CLJ
HEALTHCARE, LLC; and CLJ
HEALTHCARE, LLC, as to certain
non-assigned claims,

      Plaintiff,

-vs-

OWNERS INSURANCE CO.,

      Defendant.

Civil Action No.:

      **21-A-01797-9**

**JURY TRIAL DEMANDED**

### COMPLAINT

COME NOW, Plaintiffs KEVIN JUMLIST, as the assignee of certain of the claims

of CLJ Healthcare, LLC, and CLJ Healthcare, LLC as to certain non-assigned claims, and

file this their Complaint against the following named Defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CLJ HEALTHCARE, LLC ("CLJ") is a Georgia limited liability

corporation. Its principal office is in Cobb County, Georgia.

2. Kevin Julmist is the Natural Father and Next Friend of BSJ and ZKJ. Both BSJ

and ZKJ were the minor children of Erica Beaubrun. Mr. Julmist is a resident of Miami,

Dade County, Florida.

3. Defendant, OWNERS INSURANCE CO. (hereinafter "Owners") is an

insurance company headquartered in Michigan and authorized to sell insurance in the

State of Georgia. Owners issued a general liability policy of insurance to CLJ Healthcare,

LLC bearing Policy Number 48-118-619-00.  It may be served with process through its registered agent, Linda Banks c/o CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30056-4805.

## FACTUAL ALLEGATIONS

4.  Owners Insurance issued to CLJ insurance policy number 48-118-619-00 (the "Policy").

5.  On June 20, 2013, Erica Beaubrun presented to CLJ for a surgical liposcution procedure, removal of silicon from her buttocks, and fat transfer.  The procedure was to be performed by Nedra Dodds, M.D.

6.  Ms. Beaubrun died after her surgery.

7.  At all times relevant to this case, all individuals Ms. Jenkins came in contact with at 600 Chastain Road NW, Kennesaw, GA 30144 (the Opulence Aesthetic Medicine office) were agents and employees of CLJ Healthcare, LLC (save Felix Sams, her fiance who accompanied her to the office).

8.  Notice of the Beaubrun incident was provided to D Ward Insurance Services, Inc., the agent who sold CLJ the Owners policy, soon after her death.

9.  Kevin Julmist, the Natural Father and Next Friend of Minor Children BSJ and ZKJ, alleged Ms.  Beaubrun died as a result of acts performed before, during and after her surgery.

- 2 -

10.  On June 16, 2014, <u>Beaubrun</u> counsel filed a civil action, in the State Court of Cobb County, Georgia, bearing Civil Action Number 14A-1685-4 (hereinafter "Underlying Civil Action.")  Opulence Aesthetic Medicine and CLJ Healthcare were included as defendants in the Underlying Civil Action.

11.  In the Underlying Civil Action, the Beaubrun family initially claimed that the wrongful death of Erica Beaubrun was caused by the professional negligence of Dr. Nedra Dodds, a physician working for CLJ.

12.  The claim was submitted directly to Owners.  Owners originally denied that it had a duty to defend or indemnify CLJ for the allegations raised in the original Complaint in the Underlying Civil Action.

13.  In June of 2015, counsel for the plaintiff in the Underlying Civil Action presented a Pretrial Order to the Court, which indicated that the Plaintiff was pursuing recovery for acts of simple negligence committed by employees of CLJ.

14.  On June 22, 2015, counsel for the plaintiff in the Underlying Civil Action provided Owners, by and through its counsel, a copy of the pretrial order in the Underlying Civil Action.  This pretrial order included claims that non-professional employees of CLJ were negligent, and that these acts of simple negligence were causally related to the death of Erica Beaubrun.

15.  The Owners policy provides coverage for acts of simple negligence.

- 3 -

16.  Owners evaluated the information provided, and on August 19, 2015, concluded that the Policy did not provide coverage for the Beaubrun Claim, and declined to become involved in the defense of the Underlying Civil Action.

17.  On April 26, 2019, counsel for the plaintiff in the Underlying Civil Action made a demand of settlement on CLJ.  The demand was made under two policies: a liability policy issued to CLJ by Prime Insurance Company, Inc., and the Owners Policy. In this demand, the Beaubrun family agreed to accept $2,000,000.00 Owners, and to release Dodds and CLJ.  This demand was contingent on a tender of limits provided under the Prime policy.

18.  On May 28, 2019, Owners rejected this demand, stating that the policy provided no coverage.

19.  At no time did anyone  acting on behalf of Owners, advise CLJ that it could tender its own funds, or make other financial arrangements, to resolve the claims arising from the death of Erica Beaubrun.

20.  Owners did not provide a copy of this April 26, 2019 demand to CLJ, nor did it otherwise make CLJ aware of this demand.

21.  Had CLJ been properly advised of the demand, CLJ could have made some type of arrangement to meet this demand and conclude the Beaubrun claim.  By failing to provide this demand to CLJ, Owners deprived CLJ of this important opportunity.

22.  On January 22, 2020, Dr. Dodds wad dropped as an individual defendant in the Beaubrun civil action.

- 4 -

23.  As narrowed by the Pretrial Order, the claims remaining included claims for non-medical acts, such as failure by a non-licensed office person to timely call 911 once Erica Beaubrun was in distress.

24.  CLJ had no counsel to represent it.  A consent judgment was entered in favor of the Beaubrun family, against CLJ, in the amount of $60,000,000.00, on February 13, 2020.

25.  CLJ believed it had a valid defenses to Beaubrun claim.  However, without counsel to investigate and present theses interests, CLJ was unable to mount a defense.

26. No efforts were ever made by Owners to contact its insured and understand the claim.

27.  During the pendency of the claim, prior to rejection of same, Owners did not provide its insureds, Dr. Dodds or CLJ, with a copy of their comprehensive liability policy.  Then, Owners attempted to use the purported non-compliance with the policy provisions as a defense to coverage.  Owners is estopped from claiming CLJ's alleged failure to provide notification of the Beabrun incident as a defense to its obligations to its insureds under the Policy.

## LEGAL CLAIMS

### COUNT ONE:  INSURER'S FAILURE TO INDEMNIFY

28.  The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 27 as if fully alleged herein.

29. Owners has denied that it has a duty to indemnify CLJ for the judgment entered on February 13, 2020.

30. The acts of non-professional negligence clearly fell within the coverage afforded by the Policy.

31. Owners has breached its duty to indemnify CLJ for the judgment, causing CLJ to sustain damage, in the amount of coverage available under the Policy, as well as for interest on this amount.

## COUNT TWO:  INSURER'S DUTY TO DEFEND

32. The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 27 as if fully alleged herein.

33. Many of the contentions made by the Plaintiff in the Underlying Civil Action were for non-medical acts.

34. Both the Complaint in the Underlying Action, and/or the allegations as represented in the Pretrial Order provided to Owners in June of 2015, did not make a showing of "no coverage" under the Owner's policy.  Thus, Owners had a duty to defend CLJ in the underlying action.

35. Owners refused to provide a defense, even after receiving specific notice of the claims of simple negligence asserted against employees of CLJ in June of 2015.

36. Without the benefit of counsel, CLJ was forced to enter a Consent Judgment, causing it damages.

37. Owners is liable for damages sustained as a result of its breach.

## INSURER'S DUTY TO FORWARD
## SETTLEMENT DEMANDS TO ITS INSUREDS

38. The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 27 as if fully alleged herein.

39. Owners received a settlement demand from counsel for the Beaubrun family in the Underlying Action. Said demand was made on April 26, 2019.

40. Owners was required to forward this demand to its insureds.

41. Owners did not provide this demand to its insureds, thereby depriving it of the opportunity to take action on its own behalf to meet the demand.

42. Had CLJ been properly advised, it could have made some type of arrangement to meet this demand and conclude the Beaubrun claim.

## COUNT THREE: BREACH OF INSURER'S DUTY TO SETTLE

43. The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 27 as if fully alleged herein.

44. On April 26, 2019, counsel for the plaintiff in the Underlying Civil Action made a demand of settlement on CLJ. The demand was made under two policies: a liability policy issued to CLJ by Prime Insurance Company, Inc., and the Owners Policy. In this demand, the Beaubrun family agreed to accept $2,000,000.00 from Owners, and to

release Dodds and CLJ. This demand was contingent on a tender of limits provided under the Prime policy.

45. Owners did not accept this demand, but in fact rejected it.

46. Nor did it tender its available coverage to the Beaubrun family. Thus, Owners failed to meet that portion of the demand over which it had control, and failed to take actions within its power to effectuate the settlement of the claims against its insured, CLJ.

47. Owners is liable for its failure to meet the demand on its policy, causing CLJ to sustain damages.

## COUNT FOUR:  CLAIM FOR ATTORNEYS FEES UNDER O.C.G.A. § 13-6-11

48. Plaintiff incorporates by reference paragraphs 1 through 27 as if restated herein.

49. Defendant has acted in bad faith, have been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense and, accordingly, is liable to Plaintiff for attorney's fees and costs of litigation, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE,** Plaintiffs pray as follows:

a.   that a summons issue and Defendants be served and required to answer this lawsuit;

b.   that Plaintiffs be awarded damages sufficient to compensate CLJ for Prime's breaches of duty, in an amount to be determined by a jury; ;

c.   for attorneys fees pursuant to O.C.G.A. §13-6-11; and

d.   for a trial by jury;

- 8 -

f.    for any and all such other relief as may be deemed just and proper by this Honorable Court.

This  11th  day of  March , 2021.

/s/ Brent J. Savage
Brent J. Savage
Georgia Bar No. 627450
*Attorneys for Plaintiff*

SAVAGE, TURNER, DURHAM, PINCKNEY & SAVAGE
102 E. Liberty Street, 8th Floor
Savannah, Georgia 31401
T: (912) 231-1140

- 9 -

IN THE SUPERIOR COURT OF GWINNETT COUNTY

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-01797-9**
3/11/2021 7:09 PM
TIANA P. GARNER

## STATE OF GEORGIA

**Kevin Julmist as the Assignee**

of certain claims of CLJ Healthcare, LLC and

CLJ Healthcare, LLC as to certain non-assigned claims

PLAINTIFF

CIVIL ACTION **21-A-01797-9**
NUMBER:_____

VS.

**Owners Insurance Co.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Owners Insurance Co., c/o Linda Banks, Registered Agent
CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30056

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Brent J. Savage, Savage & Turner, P. C., Post Office Box 10600, Savannah, GA  31412**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___11___ day of **March**_____, 20__21__.

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**21-A-01797-9**

3/11/2021 7:09 PM

TIANA P. GARNER

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | **21-A-01797-9** |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**                                     **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

Copy from re:SearchGA

## General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

**Case Type Definitions**

### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus**: Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil**: Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation**: Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

### Post-Judgment

**Contempt**: Any case alleging failure to comply with a previously existing court order.

**Modification**: Any case seeking to change the terms of a previously existing court order.

**Other/Administrative**: Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

Version 1.1.18

Copy from re:SearchGA

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-01797-9**
**3/11/2021 7:09 PM**
TIANA P. GARNER

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KEVIN JUMLIST, as the assignee of
certain of the claims of CLJ
HEALTHCARE, LLC; and CLJ
HEALTHCARE, LLC, as to certain
non-assigned claims,

-vs-

OWNERS INSURANCE CO.

      Defendant.

Civil Action No.:   **21-A-01797-9**

### <u>CERTIFICATION UNDER RULE 3.2</u>

     Pursuant to Rule 3.2 of the Georgia Uniform Superior Court Rule, I hereby certify

that this petition-pleading does not involve substantially the same parties or substantially the

same subject matter or substantially the same factual issues which would require the petition-

pleading to be specifically assigned to the Judge whom the original action was or is assigned.

     This 11th  day of March, 2021.

                    /s/ Brent J. Savage
                    Brent J. Savage
                    Georgia Bar No. 627450

                    *Attorney for Plaintiff*

SAVAGE, TURNER, PINCKNEY & SAVAGE
102 E. Liberty Street, 8th Floor
Savannah, Georgia 31401
T: (912) 231-1140

Civil Action No. 21-A-01797-9

Date Filed 03/11/2021

Magistrate Court ☐
Superior Court ☒
State Court ☐
Georgia, Gwinnett County

Kevin Julmist as Assignee of certain
claims of CLJ and CLJ Healthcare LLC
as to certain non-assigned claims
**Plaintiff**

Attorney's Address
Brent J. Savage
Savage & Turner, P. C.
PO Box 10600
Savannah, GA  31412

VS.
Owners Insurance Co.

Name and Address of party to be served.

Owners Insurance Co.
Linda Banks, RA
c/o CT Corporation
289 S. Culver Street
Lawrenceville, GA  30056

**Defendant**

**Garnishee**

## Sheriff's Entry Of Service

**Personal ☐**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious ☐**
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation ☒**
Served the defendant Owners Insurance Company a corporation
by leaving a copy of the within action and summons with Linda Banks
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail ☐**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est ☐**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ 16 day of Mar , 20 21 .

_____ So300
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE:  Clerk          CANARY:  Plaintiff / Attorney          PINK:  Defendant

SC-2 Rev.3.13

Copy from re:SearchGA

# Gwinnett County Sheriff's Office

## Cover Sheet



**Sheriff #:**    21007508

**Person Served:**  OWNERS INSURANCE CO
C/O LINDA BANKS, RA
CT CORP. SYSTEM, 2898 S. CULVER ST.
LAWRENCEVILLE GA 30046-4805
PHONE:

## Process Information:

Date Received:    03/15/2021

Assigned Zone:    289 S. Culver                    Court Case #:    21-A-01797-9

Expiration Date:                                   Hearing Date:

Paper Types:      Summons AND COMPLAINT

Notes/Alerts:

## Notes:

_____
_____
_____
_____
_____
_____
_____