IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN JULMIST and CLJ HEALTHCARE, LLC,

    Plaintiffs,

           v.

OWNERS INSURANCE COMPANY,

    Defendant.

Civil Action No.
1:21-cv-01506-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant Owners Insurance Company's (Owners) motion for a more definite statement [ECF 5]. After careful consideration of the parties' briefings, the Court **DENIES** Owners' motion.

**I.    BACKGROUND**

Plaintiffs Kevin Julmist[1] and CLJ Healthcare, LLC (CLJ) filed this insurance suit against Defendant Owners in the Superior Court of Gwinnett County,

---

[1]    There is some confusion over the correct spelling of Plaintiff's last name. In the original complaint filed in state court, Plaintiff's name is spelled "Jumlist" [ECF 1-1 at 2]. In most of the other filings, Plaintiff's name is spelled "Julmist."

Georgia, on March 11, 2021.[2] Owners removed the case to this Court on April 15, 2021.[3] It filed the instant motion for a more definite statement on April 22, 2021.[4]

The Court understands Plaintiffs to allege the following. Owners issued an insurance policy to CLJ (the Policy).[5] On June 20, 2013, Ms. Erica Beaubrun underwent cosmetic surgery at a CLJ facility.[6] She died shortly thereafter.[7] On June 14, 2014, Julmist, acting as Ms. Beaubrun's children's next friend,[8] sued CLJ for wrongful death in Georgia state court,[9] alleging both simple and professional negligence (the Underlying Action).[10] The Policy included coverage for acts of simple negligence.[11] CLJ duly submitted a claim under the Policy, requesting that Owners defend and indemnify CLJ in the then-pending lawsuit.[12] On August 19,

---

[2]  ECF 1-1 at 10.
[3]  ECF 1, at 7.
[4]  ECF 5, at 2.
[5]  ECF 1-1, ¶ 4.
[6]  *Id.* ¶ 5.
[7]  *Id.* ¶ 6.
[8]  *Id.* ¶ 9.
[9]  *Id.* ¶ 10.
[10] *Id.* ¶¶ 11–14.
[11] *Id.* ¶ 15.
[12] *Id.* ¶ 12.

2015, Owners declined to participate in the Underlying Action, citing a lack of coverage under the Policy,[13] leaving CLJ without legal counsel.[14]

On April 26, 2019, Owners received a demand from the decedent's counsel for settlement, contingent on the tender of the Policy limit of $2 million,[15] but Owners neither accepted the offer nor communicated the offer to CLJ.[16] CLJ alleges that, as a result of Owners' non-participation in the Underlying Action, CLJ submitted to a $60 million consent judgment (the Consent Judgment) on February 13, 2020.[17] CLJ and Julmist have entered into an agreement through which Julmist can collect payment of some, but not all, of any damages recovered in the present suit (the Agreement).[18]

Plaintiffs lodge four causes of action against Owners. Counts I and II assert, respectively, that Owners failed to indemnify CLJ for any resulting liability up to

---

[13] *Id.* ¶ 16.
[14] *Id.* ¶ 24.
[15] *Id.* ¶ 17.
[16] *Id.* ¶¶ 18–20.
[17] *Id.* ¶¶ 21, 24–25.
[18] *Id.* at 2 (identifying Julmist as the "assignee of certain of the claims" of CLJ).

the Policy limit,[19] and that Owners failed to defend CLJ in the Underlying Action[20] and failed to inform CLJ of the alleged settlement demand.[21] Court III asserts that Owners failed to settle the Underlying Action by tendering the Policy limit.[22] Count IV requests attorneys' fees under O.C.G.A. § 13-6-11.[23] Owners has moved for a more definite statement,[24] which Plaintiffs oppose.[25] Owners has also filed a Reply in support of its motion.[26]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) governs motions for a more definite statement, and states in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

---

[19]  *Id.* ¶¶ 28–31.

[20]  *Id.* ¶¶ 32–42.

[21]  *Id.* ¶¶ 38–42.

[22]  *Id.* ¶¶ 43–47.

[23]  *Id.* ¶¶ 48–49.

[24]  ECF 5.

[25]  ECF 6.

[26]  ECF 16.

A district court has wide discretion in evaluating a 12(e) motion. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (extolling the "exercise of that sound and considered discretion committed unavoidably and properly to the Trial Judge" when evaluating 12(e) motions).[27] The Supreme Court has instructed that a 12(e) motion should be granted if a pleading fails to provide "sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Other courts within this Circuit have applied a "high standard" in ruling on 12(e) motions, noting that 12(e) motions are "not favored in light of the federal system's liberal discovery practice." *Smith v. Transcon. Ins. Co.*, No. 05-CV-22864-KLEIN, 2006 WL 8433250 at *1 (S.D. Fla. 2006) (quoting *Beacon Coll., Inc. v. Phila. Indem. Ins. Co.*, No. 505CV374OC10GRJ, 2006 WL 485101 at *2 (M.D. Fla. 2006)).

### III.  DISCUSSION

Owners argues that it requires a more definite statement of the Complaint because it cannot respond to Plaintiffs' allegations without knowing "which Plaintiff is asserting each of the claims."[28] Owners explains that it might wish to

---

[27] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (decisions of the United States Court of Appeals for the Fifth Circuit existing prior to September 30, 1981, are binding precedent in the Eleventh Circuit).

[28] ECF 5-1, at 1.

mount different defenses depending on which Plaintiff is asserting each claim.[29] Owners also suggests that depending on the particulars of the Agreement between CLJ and Julmist, Julmist may lack standing to sue.[30] Plaintiffs have done little to un-muddle the confusion, first identifying Julmist as "the assignee of certain of the claims of CLJ Healthcare, LLC,"[31] before switching gears to assert instead that Julmist is suing based on an agreement with CLJ to "share in any recovery generated by this lawsuit,"[32] and declaring that "[t]here is no assignment, per se, of CLJ's claims against Owners."[33] Owners frustration is therefore understandable. Nevertheless, the Court finds that Owners has failed to show that the Complaint is so vague and ambiguous that Owners cannot form a response.

In an analogous case, the Southern District of New York considered a Rule 12(e) motion in which the defendant claimed the complaint, among other deficiencies, failed to specify "which plaintiff [was] asserting the claim." *Hylte Bruks Actiebolag v. Babcock & Wilcox Co.*, 45 F.R.D. 357, 360 (S.D.N.Y. 1968). The

---

[29] *Id.* at 4.

[30] ECF 16, at 3 ("[M]erely alleging an agreement by CLJ to split a recovery cannot create standing for Julmist to pursue claims that have not been genuinely assigned.").

[31] *See supra* note 18.

[32] ECF 6, at 3.

[33] *Id.*

district court identified four reasons why a more definite statement was unnecessary. First, the complaint gave "sufficiently clear notice of the nature of the grievance asserted and the relief sought." *Id.* Second, the defendant would not be "prejudiced by a requirement to answer this complaint in its present form." *Id.* Third, any confusion about the identity of the plaintiffs was "more appropriately cleared up, if need be, by pretrial discovery." *Id.* And fourth, neither legal insufficiency nor any other substantive defense is "properly raised" in the context of a 12(e) motion. *Id.* The district court accordingly denied the defendant's motion. *Id.*

Here, Owners lists only one defect in the Complaint: failure to specifically identify the Plaintiff asserting each claim. Such a defect was insufficient to support a 12(e) motion in *Hylte Bruks*. It is equally insufficient here. The district court's reasoning in *Hylte Bruks* applies neatly to the current facts. First, the Complaint gives sufficient notice of the nature of the grievance (breach of Owners' duty to CLJ under the Policy) and the relief sought (compensatory damages for injuries to CLJ resulting from the imposition of the Consent Judgment, and attorneys' fees). Second, Owners will not be prejudiced by filing an Answer because the potential standing defense that Owners has identified cannot be waived. *See A&M Gerber Chiropractic LLC v. Geico Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) ("Standing

cannot be waived or conceded by the parties, and it may be raised (even by the court *sua sponte*) at any stage of the case."). Third, any confusion about the terms of the Consent Judgment or of the Agreement between CLJ and Julmist should be easily clarified during discovery. And fourth, inasmuch as Owners believes it has grounds to challenge Plaintiffs' standing or assert other substantive defenses, such matters are not properly raised by the instant motion.

Furthermore, the Court has confidence that the Complaint gives Owners sufficient notice because Owners has demonstrated its understanding of Plaintiffs' claims. In its motion, Owners explains to the Court that it is facing "claims based on contract, tort and statute,"[34] asserting Owners' liability "under an insurance policy issued by Owners Insurance to CLJ Health Care."[35] Additionally, the factual and legal bases for Plaintiffs' allegations are sufficiently clear for Owners to argue that (1) the Underlying Action between CLJ and Julmist was not covered by the Policy issued to CLJ,[36] and (2) Julmist has no standing.[37] Such arguments are inconsistent with Owners' position that it has insufficient notice to reasonably

---

[34] ECF 5-1, at 3.

[35] *Id.* at 2.

[36] *Id.* at 2–3 ("The insurance policy does not afford coverage for the underlying claims or judgment.").

[37] *See supra* note 30.

prepare a defense because they are, in fact, defenses. If Owners can assert them in briefs supporting a 12(e) motion, it can assert them in its Answer.

The standing issue alluded to by Owners is not before the Court. However, even if it were, the allegations in the Complaint indicate that Julmist may have standing regardless of the details of the Agreement between Julmist and CLJ. In Georgia, a plaintiff has standing to bring a direct action against a defendant's insurer if the plaintiff has an unsatisfied judgment against that defendant. *See Atl. Specialty Ins. Co. v. Lewis*, 341 Ga. App. 838, 841 (2017) ("It is only once a judgment has been obtained against the defendant insured that the plaintiff 'is no longer a stranger to the insurance policy but instead "stands in the shoes" of the insured' and can sue the defendant's insurer directly when the judgment is unsatisfied." (quoting *McCoy v. Ga. Dep't of Admin. Servs.*, 326 Ga. App. 853, 858 (2014))).

Here, Plaintiffs allege that, in the Underlying Action, then-plaintiff Julmist obtained the Consent Judgment against then-defendant CLJ. Julmist is suing to collect payment on the Consent Judgment from Owners in its capacity as CLJ's insurer. For purposes of standing, therefore, it may be immaterial whether the Agreement assigned specific claims to Julmist or simply delineated how to split the proceeds from the present suit. The fact alone that Julmist is seeking satisfaction for the Consent Judgment against CLJ could confer standing on Julmist

to sue Owners. Further clarification in the Complaint at this stage in the litigation is unnecessary. Owners' motion fails to clear the high bar set by our liberal pleading standards. The Court finds that the Complaint provides Owners with sufficient notice to reasonably prepare its responsive pleading.

## IV.  CONCLUSION

Owners' motion for a more definite statement [ECF 5] is **DENIED**.

**SO ORDERED** this the 6th day of August 2021.

Steven D. Grimberg
United States District Court Judge